**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Parthkumar Ashokkumar Patel,** | **Case No. 4:26cv00683** |
| **Petitioners,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Kevin Raycraft, et al.,** | |
| **Respondents.** | **MEMORANDUM OPINION & ORDER** |

On March 20, 2026, Petitioner Parthkumar Ashokkumar Patel ("Petitioner" or "Patel") filed a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus ("Petition"), in which he asserts that he is presently being unlawfully detained by U.S. Immigration and Customs Enforcement ("ICE") without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).  (Doc. No. 1.)  Pursuant to an expedited briefing Order issued by this Court, Respondents Kevin Raycraft, Acting Director of the Detroit ICE Field Office; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Attorney General of the United States (hereinafter referred to collectively as "Federal Respondents")[1] filed a "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss" on April 6, 2026.  (Doc. No. 4.)  Petitioner filed a "Traverse/Reply in Support of Petition for Writ of Habeas Corpus and Opposition to Motion to Dismiss" on April 20, 2026.  (Doc. No. 5.)

On May 13, 2026, the Federal Respondents filed a "Notice of Adverse of Decision," in which they assert that the Sixth Circuit's May 11, 2026 decision in *Lopez-Campos v. Raycraft*, --- F.4th --, 2026 WL 1283891 at * 3 (6th Cir. May 11, 2026) controls in this matter.  (Doc. No. 6.)  For the

---

[1] Petitioner named Kristi Noem as Respondent Secretary of DHS and Pamela Bondi as Respondent Attorney General of the United States.  Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin is substituted in place of Ms. Noem as Secretary of DHS and Todd Blanche is substituted in place of Ms. Bondi as the Attorney General.

reasons discussed in this Order, the Court ORDERS the Federal Respondents to submit supplemental briefing regarding the applicability of *Lopez-Campos, supra* to the instant Petition.

## I.     Background

### A.     Factual Allegations

Patel is a citizen of India.  (Doc. No. 1 at ¶ 16.)  He entered the United States on March 13, 2024 near San Luis, Arizona, without being admitted or paroled.  (*Id*. at ¶ 43; Doc. No. 4-1.)  On that same date, DHS arrested Patel and released him on his own recognizance.  (*Id*.; Doc. No. 1-5.)  DHS issued a Form I-862 Notice to Appear which charged Patel with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), i.e., as an alien present in the United States without being admitted or paroled. (Doc. No. 4-2.)  Patel was ordered to appear before an Immigration Judge ("IJ") in Cleveland on November 12, 2024.  (*Id.*)

Patel subsequently filed an application for asylum.  (Doc. No. 1 at ¶ 43.)  On October 16, 2024, Patel submitted written pleadings to the Immigration Court in which he admitted the allegations and conceded the charge of removability.  (Doc. No. 4-3.)  Shortly thereafter, on October 23, 2024, an Immigration Judge ("IJ") issued an order sustaining removability.  (Doc. No. 4-4.)  As of the date of this Order, Patel's application for asylum remains pending.

On January 20, 2026, Patel reported to ICE for a check in, and was taken into custody and transported to the Northeast Ohio Corrections Center ("NEOCC") in Youngstown, Ohio.  (Doc. No. 1-6; Doc. No. 4-5.)  On February 3, 2026, Patel filed a Motion for Bond Redetermination. (Doc. No. 1-8.) The IJ conducted a hearing on February 12, 2026, during which he denied Patel's request for bond on the basis of lack of jurisdiction.  (Doc. No. 1-10.)  Patel subsequently appealed the IJ's bond denial to the Board of Immigration Appeals ("BIA").  (Doc. No. 1-11.)  That appeal remains pending

as of the date of this Order.  (Doc. No. 1 at ¶ 48.)  Patel has been detained at NEOCC since January 20, 2026.

### B. Procedural History

On March 20, 2026, Patel filed a habeas petition with this Court pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)  Therein, Patel asserts that he is being unlawfully held without bond because the IJ has improperly determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than to discretionary bond determinations under 8 U.S.C. § 1226(a).  (*Id.* at PageID#s 1-3, 5-10, 11-12.)  Patel further alleges that his continued detention without an individualized bond hearing violates his Fifth Amendment due process rights.  (*Id.* at PageID# 13.)

Based on the above, Patel asserts claims for  (1) Violation of the INA (Count I); (2) Violation of the Bond Regulations (Count II); and (3) Violation of Due Process (Count III).  (*Id.* at PageID#s 11-13.)  In his Prayer for Relief, Patel requests that this Court: (1) assume jurisdiction over this matter; (2) order that he not be transferred outside of this District while the instant Petition is pending; (3) issue a writ of habeas corpus requiring that Respondents immediately release him or, in the alternative, provide him with a bond hearing pursuant to 8 U.S.C. 1226(a) within seven days "with procedural safeguards;" (4) declare that his detention is unlawful; and (5) award him attorney's fees and costs under the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412.  (*Id*. at PageID#s 13-14.)

On April 6, 2026, the Federal Respondents filed a combined "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss."  (Doc. No. 4.)  Patel filed a "Traverse/Reply in Support of Petition for Writ of Habeas Corpus and Opposition to Motion to Dismiss" on April 20, 2026.  (Doc. No. 5.)

On May 11, 2026, a panel of the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 at * 3 (6th Cir. May 11, 2026). On May 13, 2026, the Federal Respondents filed a "Notice of Adverse of Decision," in which they assert that *Lopez-Campos, supra,* controls in this matter and that Patel is entitled to a bond hearing pursuant to that decision. (Doc. No. 6.) Specifically, the Federal Respondents state, in relevant part, as follows:

> **Respondent has reviewed this Petition and has determined that the United States Court of Appeals for the Sixth Circuit's recent decision controls**. *Lopez-Campos, et al. v. Raycraft, et al.*, ___ F.4th ___, Nos. 25-1965/1969/1978/1982, 2026 U.S. App. LEXIS 13519 (6th Cir. May 11, 2026). There, the Sixth Circuit held that an "applicant for admission" is not necessarily "seeking admission" and therefore not subject to mandatory detention under § 1225(b)(2)(A). *Id*. at *31. **Thus, pursuant to *Lopez-Campos*, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing under the Fifth Amendment.** *Id.* at *34. **The Court need not proceed to evaluate any other claims raised in the Petition.**
>
> Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*. While reserving all rights, including the right to appeal on the issue of the proper detention authority for noncitizens like Petitioner who are present in the United States unlawfully, **Respondent acknowledges *Lopez-Campos* is binding on this Court and controls the outcome of this matter. Consistent with the relief affirmed in *Lopez-Campos*, the Court should order a bond hearing to be conducted by an immigration judge under 8 U.S.C. § 1226(a) within seven days of the issuance of the order or immediately release Petitioner.**

(*Id*.)(emphasis added).

## II.    Discussion

In *Lopez-Campos, et al. v. Raycraft, et al.*, --- F.4th ---, 2026 WL 1283891 at * 3 (6th Cir. May 11, 2026), a panel of the Sixth Circuit considered a consolidated appeal of the decisions of four Michigan district courts granting habeas relief under § 2241.[2]   As the Sixth Circuit explained, the

---

[2] *See Lopez-Campos v. Raycraft*, 797 F. Supp.3d 771 (E.D. Mich. 2025); *Sanchez Alvarez v. Noem*, 807 F. Supp.3d 777 (W.D. Mich. 2025); *Contreras-Cervantes v. Raycraft*, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Pizarro Reyes v. Raycraft*, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025).

4

petitioners in these cases "are citizens of Mexico, El Salvador, Venezuela, Nicaragua, and Guatemala who have resided in the United States without lawful status for years" and "without much incident outside of some minor traffic offenses." *Id*. at * 1. Petitioners "were arrested by [ICE], charged with entering the United States without inspection, and, pursuant to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention statutory scheme and the [BIA's] decision *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), detained without a determination of their flight risk and dangerousness." *Id*. At the time of their arrests, the petitioners in the *Lopez-Campos* consolidated appeal had all been present in the United States for more than two (2) years.[3]

The petitioners filed their respective habeas petitions in the Eastern and Western Districts of Michigan, arguing that they were unlawfully detained under § 1225(b)(2)(A) and should have instead been detained under § 1226 and provided a bond hearing. *Id*. In addition, the petitioners claimed that the Government's failure to provide a bond hearing to determine whether they posed a flight risk or danger to others, under any detention statute, violated their due process rights. *Id*. The district courts granted the petitions, agreeing with the petitioners that § 1226(a) governed their detention and

---

[3] In *Lopez-Campos*, the petitioner had resided in the United States since 1999, and was arrested and detained by ICE on June 25, 2025. *Lopez-Campos*, 797 F. Supp.3d at 775. In *Sanchez Alvarez*, the petitioner had resided in the United States since 2004, and was arrested and detained by ICE on August 26, 2025. *Sanchez Alvarez*, 807 F. Supp.3d at 782. In *Pizzaro Reyes*, the petitioner had resided in the United States since 2005 and was arrested and detained by ICE on June 26, 2025. *Pizzaro Reyes*, 2025 WL 2609425 at * 2. The district court's decision in *Contreras-Cervantes* involved seven petitioners. Petitioner Contreras-Cervantes had resided in the United States since 2006 and was arrested and detained on August 5, 2025. *Contreras-Cervantes*, 2025 WL 2952796 at *1. Petitioner Angeles-Flores had resided in the United States since at least 2010 and was arrested and detained on June 27, 2025. *Id*. Petitioner Ocando-Leon had resided in the United States since at least 2021 and was arrested and detained on July 15, 2025. *Id*. at * 2. Petitioner Jarquin-Jarquin had resided in the United States since at least 2022 and was arrested and detained on August 6, 2025. *Id*. Petitioner Vasquez-Cruz had resided in the United States since at least 2016 and was arrested and detained on August 1, 2025. *Id*. Petitioner Godoy-Perez had resided in the United States since at least 2018 and was arrested and detained on July 31, 2025. *Id*. Petitioner Diaz-Alcantar had resided in the United States since at least 2003 and was arrested and detained on July 30, 2025. *Id*. And Petitioner Reyes-Sanchez had resided in the United States since at least 2000 and was arrested and detained on September 5, 2025.

5

thus the petitioners should have been afforded a bond hearing before an IJ under that statute.  With one exception, the district courts also determined the Government's failure to provide a bond hearing violated the petitioners' Fifth Amendment due process rights.[4]  The Government appealed.

In a 2-1 decision, a panel of the Sixth Circuit affirmed.  The court first examined the text of § 1225(b)(2)(A) and found that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer."  *Id*. at * 4.  The court concluded that "[n]oncitizens like Petitioners, who did not attempt lawful entry into the United States and are actively avoiding being inspected for lawful entry, are not 'seeking admission' and are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme."  *Id.*  "And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226."  *Id*. at * 11 (quoting *Jennings v. Rodriguez*, 583 U.S. 281 303 (2018)).  Thus, the Sixth Circuit held that the district courts did not err when they held that the petitioners' detentions under § 1225(b)(2)(A) were unlawful and that petitioners should have been provided individualized bond hearings under § 1226(a).  *Id.*

Lastly, the Sixth Circuit affirmed the district courts' determinations that the Government's detention of petitioners without bond under § 1226(a) was a deprivation of liberty that violated their due process rights.  *Id*. at * 13.  The court explained: "We find no error in the district courts' conclusions that Petitioners were due individualized bond hearings in light of the significant time

---

[4] Because the district court in *Pizarro Reyes v. Raycraft*, 2025 WL 2609425, at *7 (E.D. Mich. Sept. 9, 2025) granted relief to Petitioner Reyes based on its statutory interpretation of §§ 1225(b)(2)(A) and 1226, it declined to decide the merits of Reyes's Fifth Amendment due process claim.  *Pizarro Reyes*, 2025 WL 2609425 at *8.

6

they have spent within the interior of the United States.  We therefore find no reason to disturb the district courts' due process holdings." *Id*.

As noted above, the petitioners in the *Lopez-Campos* consolidated appeal had all been present in the United States for more than two (2) years at the time of their arrest and detention by ICE.  By contrast, here, Patel entered the United States on March 13, 2024 and was arrested and detained by ICE less than two years later, on January 20, 2026.  (Doc. No. 1 at ¶ 43; Doc. No. 1-6; Doc. No. 4-5.)  The Court notes that, pursuant to 8 U.S.C. § 1225(b)(1), expedited removal may be applied to those "who [are] arriving in the United States[,]" 8 U.S.C. § 1225(b)(1)(A)(i), as well as to individuals who are not admitted or paroled and who have "not affirmatively shown" to the immigration officer's satisfaction that they have been "physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility[,]." 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

Although the Federal Respondents state that they have reviewed the instant Petition and determined that *Lopez-Campos* "controls the outcome of this matter," the Federal Respondents do not sufficiently address whether or not *Lopez-Campos* is controlling in light of the fact that, at the time of Patel's arrest and detention by ICE on January 20, 2026, Patel had been physically present in the United States for less than two years.

The Court requires supplemental briefing on this issue in order to evaluate whether to grant the instant Petition on the basis of *Lopez-Campos*.  Accordingly, and by no later Wednesday, May 20, 2026, the Court ORDERS the Federal Respondents to submit a Supplement on the docket addressing the issue discussed above.  Patel may file a response to the Federal Respondents' Supplement by no later than Friday, May 22, 2026.

## III. Conclusion

For all the reasons set forth above, the Court ORDERS the Federal Respondents to submit a Supplement on the docket by no later than Wednesday, May 20, 2026, addressing whether or not the Sixth Circuit's decision in *Lopez-Campos, et al. v. Raycraft, et al.,* --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026) is controlling in light of the fact that, at the time of Patel's arrest and detention by ICE on January 20, 2026, he had been physically present in the United States for less than two years. Patel may file a response to the Federal Respondents' Supplement by no later than Friday, May 22, 2026.

**IT IS SO ORDERED.**


Dated: May 18, 2026                 *s/Pamela A. Barker*
                                    PAMELA A. BARKER
                                    UNITED STATES DISTRICT JUDGE

8