**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Parthkumar Ashokkumar Patel,** | **Case No. 4:26cv00683** |
| **Petitioners,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Kevin Raycraft, et al.,** | |
| **Respondents.** | **MEMORANDUM OPINION & ORDER** |

On March 20, 2026, Petitioner Parthkumar Ashokkumar Patel ("Petitioner" or "Patel") filed a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus ("Petition"), in which he asserts that he is presently being unlawfully detained by U.S. Immigration and Customs Enforcement ("ICE") without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).  (Doc. No. 1.)  Federal Respondents Kevin Raycraft, Markwayne Mullin, and Todd Blanche filed a "Response to Petition for Writ of Habeas Corpus and Motion to Dismiss" on April 6, 2026, and Petitioner filed a "Traverse/Reply in Support of Petition for Writ of Habeas Corpus and Opposition to Motion to Dismiss" on April 20, 2026.  (Doc. Nos. 4, 5.)

On May 13, 2026, the Federal Respondents filed a "Notice of Adverse of Decision," in which they assert that the Sixth Circuit's May 11, 2026 decision in *Lopez-Campos v. Raycraft*, --- F.4th --, 2026 WL 1283891 at * 3 (6th Cir. May 11, 2026) controls in this matter.  (Doc. No. 6.)  The Federal Respondents further state that "[c]onsistent with the relief affirmed in *Lopez-Campos*, the Court should order a bond hearing to be conducted by an immigration judge under 8 U.S.C. § 1226(a) within seven days of the issuance of the order or immediately release Petitioner."  (*Id.*)

On May 18, 2026, this Court issued an Order, in which it noted that the petitioners in the *Lopez-Campos* consolidated appeal had all been present in the United States for more than two (2) years at the time of their arrest and detention by ICE. (Doc. No. 7.)  By contrast, here, Patel entered the United States on March 13, 2024 and was arrested and detained by ICE less than two years later, on January 20, 2026.[1]  (*Id*.)  The Court explained that "[a]lthough the Federal Respondents state that they have reviewed the instant Petition and determined that *Lopez-Campos* 'controls the outcome of this matter,' the Federal Respondents do not sufficiently address whether or not *Lopez-Campos* is controlling in light of the fact that, at the time of Patel's arrest and detention by ICE on January 20, 2026, Patel had been physically present in the United States for less than two years." (*Id*.)  Therefore, the Court ordered the Federal Respondents to submit a Supplement on the docket by no later than May 20, 2026, addressing this issue.  (*Id.*)

On May 20, 2026, the Federal Respondents filed a Supplement in which they assert that *Lopez-Campos* controls even though Patel had been in the United States for less than 2 years at the time of his arrest because (1) "the length of time the petitioners had been physically present in the United States was not the determining factor in" *Lopez-Campos*; (2) the Sixth Circuit found in *Lopez Campos* that a petitioner (like Patel) who has applied for asylum "is not 'seeking admission' under § 1225(b)(2)(A)' and thus not subject to that statute's mandatory detention scheme;" and (3) Patel was

---

[1] The Court also noted that, pursuant to 8 U.S.C. § 1225(b)(1), expedited removal may be applied to those "who [are] arriving in the United States[,]" 8 U.S.C. § 1225(b)(1)(A)(i), as well as to individuals who are not admitted or paroled and who have "not affirmatively shown" to the immigration officer's satisfaction that they have been "physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility[,]." 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

not detained under the expedited removal statute set forth in § 1225(b)(1)(A)(iii), but rather was detained under §1225(b)(2)(A). (Doc. No. 8.)

In light of the fact that Federal Respondents have now twice asserted that *Lopez-Campos* controls in this matter, the Court will grant the Petition.[2] The Court must next determine the appropriate remedy. Patel requests immediate release from custody or, alternatively, an order requiring Respondents to provide him with a bond hearing pursuant to § 1226(a) within seven days. Upon consideration, the Court declines to order Patel's immediate release and instead orders the Federal Respondents to provide him with a bond hearing within seven (7) days of the date of this Order.[3]

Accordingly, for all the reasons set forth above, the Petition (Doc. No. 1) is GRANTED as follows. The Court hereby ORDERS the Federal Respondents to hold a hearing no more than seven (7) days from the day of this Order to determine whether to release Petitioner on bond. At that hearing, the Federal Respondents shall bear the burden of proof by clear and convincing evidence that Petitioner's continued detention is justified or warranted. The Court further ORDERS the Federal Respondents to file, within fourteen (14) days from the day of this Order, a certificate of compliance certifying that the government has complied with this Order and stating whether Petitioner remains in custody.

---

[2] The Court emphasizes that its decision to grant the instant Petition is based solely on the Federal Respondents' repeated assertion that *Lopez-Campos* "controls the outcome of this matter." (Doc. Nos. 6, 8.) As the Federal Respondents have expressly waived the issue, the Court does not consider the merits of whether *Lopez-Campos* controls where, as here, the petitioner has been physically present in the United States for less than 2 years at the time of his arrest by ICE.

[3] District courts in this Circuit addressing similar issues agree that a more appropriate remedy is a bond hearing before an immigration judge. *See, e.g., E. V. v. Raycraft*, 2025 WL 3122837 at * 12 (N.D. Ohio Nov. 7, 2025) (collecting cases); *Reyes Rodriguez v. Greene*, 2026 WL 574961 at * 15 (N.D. Ohio March 2, 2026).

**IT IS SO ORDERED.**

Dated:  May 21, 2026          *s/Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE